UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RACHAEL M. YOUSE a/k/a** | : | **DOCKET NO.** |
| **RACHAEL M. PLANK** | : | |
| 16143 Vancil Loop SE | : | |
| Yelm, WA 98597 | : | |
| **Plaintiff** | : | |
| | : | |
| vs. | : | |
| | : | |
| **ALBRIGHT COLLEGE** | : | **JURY TRIAL DEMANDED** |
| 1621 N 13th Street | : | |
| Reading, PA 19604 | : | |
| **and** | : | |
| **JAMES GAFFNEY,** | : | |
| 2606 Hill Road | : | |
| Reading PA 19606 | : | |
| **Defendants** | : | |

# *COMPLAINT*

## *INTRODUCTION*

1. This is an action by the Plaintiff, a college student who was sexually harassed by a College Professor, Defendant James Gaffney who had been employed by the Defendant Albright College despite his having a poor history of relationships with students and/or college students and other colleges namely Penn State Berks Campus and Reading Area Community College and who was a defrocked Catholic Priest, despite the policies and procedures of Albright College at the time he was employed and during which time he threatened the Plaintiff concerning her grades if she was not cooperative with his sexual desires.

## ***JURISDICTION and VENUE***

2.   The Court has jurisdiction pursuant to the provisions of 20 USC §1231 and more particularly Title IX, 20 USC § 1681.

3.   Venue is proper because all of the events which allege to have occurred have occurred within the Eastern District of Pennsylvania.

## ***PARTIES***

4.   The Plaintiff herein incorporates the provisions of paragraphs 1 through 3 above as if set out in detail herein.

5.   The Plaintiff is Rachael M. Youse (hereinafter referred to as "Plaintiff") an adult individual whose address is 16143 Vancil Loop SE, Yelm, WA 98597.

6.   The Defendant is Albright College, is a private co-Educational Liberal Arts College whose address is 1621 N 13th Street, Reading, Pennsylvania 19604.

7.   The Defendant is James Gaffney (hereinafter referred to "Defendant Gaffney"), an adult individual whose last known address is 2606 Hill Road, Reading, PA 19606.

## ***RESPONDENT SUPERIOR***

8.   The Plaintiff believes and therefore avers that at all times relative to the facts in this case, that the Defendant Albright College employed the Defendant Gaffney as an instructor, assistant professor, associate professor, and/or professor during the school year 2016 through the spring term of 2017.

9. At all times, the Plaintiff believes and therefore avers, the Defendant Albright College had direction and/or control of the activities of the Defendant Gaffney while he taught students at Albright College.

10. At all times relevant to the facts in this case, the Plaintiff believes and therefore avers that the Defendant Albright had policies and procedures which were part of the requirements for instructors, assistant professors, associate professors and professors when teaching students in an academic atmosphere.

## *STATEMENT OF CLAIMS*

11. The Plaintiff herein incorporates the provisions of paragraphs 1 through 10 above as if set out in detail herein.

12. On or about August 2016, the Plaintiff enrolled at Albright College in Reading, PA.

13. At all times relevant to the facts in this case, the Defendant Gaffney was an instructor, assistant professor, an associate professor and/or Professor at Albright College.

14. At all times relevant to the facts in this case Albright College, the Plaintiff believes and therefore avers, had policies, procedures, and student manuals which were published for the College and were in affect concerning the relationship between students and faculty while students are enrolled at Albright College.

## *NEGLIGENT HIRE*

15. The Plaintiff herein incorporates the provisions of paragraphs 1 through 14 above as if set out in detail herein.

16. The Plaintiff believes and therefore avers that the Defendant Gaffney was a defrocked Catholic Priest who had a history of inappropriate relationships with students as a former faculty member at Reading Central Catholic High School, Pennsylvania State University, Reading Area Community College and as a Priest in Catholic Church.

17. The Defendant Gaffney's past history was well known and/or should have been well known when even a simple search on "Google" would reveal his past history when working with school and/or college students and the Catholic Church as a Priest.

18. Despite the Defendant Gaffney's public history of dealing with students and/or young people, the Defendant Albright College deliberately and intentionally chose to employ him to teach students and to place students in the dangerous position of having to attend classes with the Defendant Gaffney as their "teacher", "professor" and be dependent, as the Defendant Gaffney told the Plaintiff that she was "dependent upon him for grades."

### *FACTUAL EVENTS*

19. The Plaintiff herein incorporates the provisions of paragraphs 1 through 18 above as if set out in detail herein.

20. The Plaintiff enrolled at Albright College and began attending classes during August/September 2016.

21. The Plaintiff as part of her courses attended an English course taught by Defendant Gaffney.

22. Beginning on or about December 15, 2016 and continuing until the end of the Spring Semester the Defendant Gaffney deliberately and intentionally contacted the Plaintiff and:

a) made lewd and suggestive comments to her;

b) suggested to the Plaintiff that they meet at various off sites locations including but not limited to building which he owned;

c) threatened her by reminding her that he controlled her grades;

d) other inappropriate advances and activities between a teacher in authority and a student all of which constituted serious misconduct.

## *REPORT TO THE COLLEGE*

23. The Plaintiff herein incorporates the provisions of paragraphs 1 through 22 above as if set out in detail herein.

24. As a result of all of the above, the Plaintiff reported the Defendant Gaffney's activity to the College Dean Crance, whom the Plaintiff believes and therefore avers was at all time was acting on behalf of the Defendants Albright, and who refused to meet with the Plaintiff and her attorney in order to resolve the matter.

25. When the Plaintiff sought counseling from the College, the College by and through Dean Crance refused to do so unless the Plaintiff paid for the counseling.

26. In addition, another faculty member told the Plaintiff to "be quiet" about the incidents because the allegations would not be "good" for the college's reputation.

27. In the fall of 2017, the Plaintiff enrolled for the fall semester at the Defendant's facility; however, she was unable to attend all but a minimal number of classes as a result of her psychological trauma for the past incidents with the Defendant Gaffney and the attitudes of the Defendant Albright and its faculty.

## *DAMAGES*

28.     The Plaintiff herein incorporates the provisions of paragraphs 1 through 27 above as if set out in detail herein.

29.     Solely as a result of all of the above, the Plaintiff has suffered the following:

    a)     she has been psychologically forced to withdraw from college and not to complete her college education;

    b)     she is significantly traumatized and has a fear of all people in authority positions;

    c)     she incurred costs in excess of Twenty Thousand ($20,000.00) Dollars for tuition and fees for courses that she was not able to attend because of psychological damage;

## *REQUEST FOR ATTORNEY'S FEES*

30.     The Plaintiff herein incorporates the provisions of paragraphs 1 through 29 above as if set out in detail herein.

31.     Solely because of all of the above and the fact that despite the inappropriate actions by the Defendant Albright College and the Defendant Gaffney and willful refusal by the Defendant Albright College to provide any counseling and/or any other appropriate treatment for the Plaintiff and the fact that the College continues to pursue costs and fees against the Plaintiff, despite her psychological trauma which was inflicted upon her by the feasance and nonfeasance of the Defendant Albright and the aggressive authoritarian conduct by the Defendant Gaffney, the Plaintiff was required to obtain counsel in order to

address her injuries and incur reasonable attorney's fees and cost for having to bring this action.

**WHEREFORE**, for all of the above reasons, the Plaintiff respectfully prays this Honorable Court to:

    A.    Award the Plaintiff actual damages, as well as damages for the pain, suffering and humiliation caused by the Defendants' actions and/or inactions;

    B.    Award the Plaintiff punitive damages as permitted by applicable law in an amount believed by the Court for trier of fact to be appropriate to punish Defendants for the willful deliberate, malicious, negligent, and outrageous conduct and to deter the Defendant Albright from engaging in such willful and/or negligent misconduct in the future;

    C.    Accord the Plaintiff other equitable and legal relief as the Court deems just, proper and appropriate;

    F.    enter judgment for the Plaintiff and against the Defendants Albright College and James Gaffney in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus costs and attorney's fees.

                                                **Respectfully submitted by,**

                                                **Joseph T. Bambrick, Jr., Esquire**
                                                **Attorney ID 45112**
                                                **Attorney for Plaintiff**
                                                **529 Reading Avenue**
                                                **West Reading, PA  19611**
                                                **610-372-6400**
                                                **610-372-9483 (fax)**
                                                **no1jtb@aol.com**